Chief Judge Fuld (concurring).
Although I agree that we should affirm the grant of summary judgment to the defendants, I find it unnecessary to approach the case as if it were a normal, albeit intricate, problem in choice of law. The conceded facts stamp the issue before us as quite unusual and, in my view, any attempt to solve such a problem by applying our usual conflicts analysis is apt to produce needless confusion. The factor which sets this case apart is that the plaintiff early recognized the need for a writing and joined in executing one. The memorandum, signed in June, 1960, which established the terms and amount of the finder’s fee, covered the abortive Rochar deal. In the plaintiff’s claim, there is no circumstance to warrant enforcement of an oral agreement assertedly made five months later “ extend [ing] the terms of the written agreement ” (opn., p. 377).
To begin with, there is no doubt that this State’s Statute of Frauds requires that a finder’s fee agreement be in writing (Personal Property Law, former § 31, subd. 10 [now General Obligations Law, § 5-701, subd. 10]) and that the written memoranda upon which the plaintiff relies are insufficient to constitute an enforceable agreement. (See, e.g., Minichiello v. Royal Business Funds Corp., 18 N Y 2d 521; Cohon & Co. v. Russell, 23 N Y 2d 569, 572.) Consequently, there is no way under the law of New York for the plaintiff to prevail on the claim.
This does not mean that our courts will not enforce a contract, made in conformity with foreign law when, under our conflict of law rules, our State lacks a sufficient interest in the application of its own law. (Cf. Anderson v. A/S Berge Bigval Bergesen, 22 N Y 2d 944, affg. 29 A D 756.) But the case before us presents no such situation. With eyes open and apparently fixed upon the requirements of our Statute of Frauds, the plaintiff joined with Daystrom in executing a written agreement covering the main terms of the deal. Having thus wittingly acknowledged the controlling force of our statute upon the form *387 of their agreement, the plaintiff should not be allowed to turn away from it and obtain enforcement of an oral agreement “ extending ”— and, thereby, radically altering—the original contract.
In short, then, in these special circumstances, I would affirm the summary judgment awarded the defendants on the ground that our Statute of Frauds prevents enforcement of an oral extension of a complete written contract intentionally executed in accordance with the provisions of that statute.
Judges Scileppi, Bbegan and Bkbitel concur with Judge Jasen; Chief Judge Ftjld concurs in a separate opinion in which Judge Burke concurs; Judge Keating taking no part.
Order affirmed.